SAVOY, Judge.
This is a suit for workmen’s compensation brought by plaintiff against the insurer of his employer, Campti Butane Company, Inc., for total and permanent disability at the rate of $35 per week. The trial court awarded plaintiff total and permanent disability at $35 per week.
The evidence disclosed that on the 2nd of April, 1959, while in the course of his employment, plaintiff sustained an injury to his back.
The defendant admits that plaintiff was hurt while in the course of employment, but defends this suit on the grounds that the trial judge should not have awarded plaintiff compensation for the reason that under the medical testimony adduced at the trial, plaintiff was disabled for a period of only forty-five weeks for which compensation has been paid.
Dr. Charles E. Cook and Dr. Heinz K. Faludi testified on behalf of plaintiff. Dr. P. M. Davis, Jr., and Dr. Ray E. King testified on behalf of defendant.
Dr. Cook is engaged in the general practice of medicine and surgery in Natchi- *856 todies. He is the family doctor for the plaintiff. He testified that on April 2, 1959, plaintiff visited his office stating that he had received a back injury while working for his employer, Campti Butane Company, Inc., on that date. After an examination of the patient, the doctor concluded he had received a moderately severe strain of his lumbar muscle area. He prescribed physiotherapy. After two or three days of treatment, plaintiff failed to respond to said treatment so he was hospitalized, placed in traction and given doses of relaxing drugs. He remained in the hospital for approximately three days, was discharged, and then was seen by the doctor at intervals. He had plaintiff fitted with different types of corsets and back braces during his treatment. Dr. Cook admitted that he had not seen plaintiff from January, 1960, until May, 1960, at which time he considered plaintiff still disabled to do his regular work.
Plaintiff was referred by Dr. Cook to Dr. Davis. Dr. Davis is an orthopedic surgeon. He first examined plaintiff on May 7, 1959, and diagnosed the plaintiff’s condition as a sprain of the lumbosacral spine. Plaintiff reported back to his office on July 3, 1959, and on this occasion, Dr. Davis felt that the condition which plaintiff complained of would subside within a month to six weeks. Dr. Davis was positive in his findings that there was no evidence of a ruptured inter-vertebral disc. He found the patient’s back was aggravated by a short leg on the right, and for that reason, his back had not cleared as it should have in a short period of time. Dr. Davis saw plaintiff the last time on February 12, 1960. He stated that on this examination plaintiff was wearing a corset for his back, but that there was no evidence that the corset had been worn at all. There were no calluses or thickening of the skin about the abdomen as would have been present had the patient worn the corset regularly. He also found that both of plaintiff’s legs were scratched, and plaintiff stated that he had been hunting a great deal and walking through the woods. He stated that the scratching of his legs was obtained while hunting. Dr.. Davis made X-rays of plaintiff’s back, made-a complete physical examination, and was. of the opinion that on that date plaintiff had completely recovered from his injury.
Dr. Faludi, a neurosurgeon, saw plaintiff" one time, namely, March 22, 1960. Plaintiff' was referred to Dr. Faludi by his attorney.. Dr. Faludi stated that there was a possibility that plaintiff might have a small herniated disc between L-5 and S-l on the left side. He felt, however, that these findings, were not very strong as far as nerve root compression was concerned, and recommended that a myelogram be performed in-, order to establish this diagnosis more definitely. However, the plaintiff did not return, stating that he was apprehensive about-going through the procedure and was never-seen by the doctor thereafter.
Dr. King, an orthopedic surgeon, examined plaintiff at the request of defendant on May 13, 1960. He had X-rays made-of the lumbosacral spine and also of the-pelvis showing the right hip. It was his; opinion that the films were negative for bone or joint pathology. X-rays of the-right hip showed a dislocation of the hip. Plaintiff explained to the doctor that this, had happened when he was three years-of age. It was the doctor’s opinion after having completed the examination that there was nothing wrong with plaintiff which would prevent him from doing the work he was doing prior to the accident.
Considering the testimony of the experts in the field, namely, Dr. Davis, Dr. Faludi and Dr. King, this Court is of the opinion that on the last examination of plaintiff, which was May 13, 1960, he had completely recovered from his injury of April 2, 1959.
Plaintiff was referred to Dr. Davis at the request of his family physician, Dr. Cook. He examined plaintiff on three different occasions, and was in a better position to evaluate plaintiff’s condition than that of the other two experts who saw him *857 -only one time. Dr. King could find nothing wrong with plaintiff on his examination of May 13, 1960, and Dr. Faludi’s testimony was of a negative nature. His examination was on March 22, 1960, and he admitted that the findings were not very strong as far as nerve root compression was -concerned and recommended a myelogram.
For the reasons assigned, the judgment of the district court is amended so as to ..grant plaintiff compensation at the rate of $35 per week, commencing April 2, 1959, and ending May 13, 1960, subject to credit for compensation heretofore paid, together with interest at the rate of five per cent per •annum on each past due installment from its due date until paid. Defendant is 'to pay all costs of court.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.